IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTHONY BUSSIE,

       Plaintiff,

v.

SUSAN T. GUNDMAN,
DOUGLASS W. ELMENDORF,
ROBERT E. ANDREWS,

       Defendants.

OPINION AND ORDER

Case No. 17-cv-927-wmc

*Pro se* plaintiff Anthony Bussie filed this civil lawsuit pursuant to 42 U.S.C. § 1983, against defendants for what he describes as white collar crimes and ethical violations related to the work he provided to the federal government. As Bussie is seeking leave to proceed *in forma pauperis*, the court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who by law cannot be sued for money damages. Even construing Bussie's complaint generously and in his favor, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972), Bussie's claims outlined in this lawsuit must be dismissed as both frivolous and malicious.

BACKGROUND AND ALLEGATIONS

Bussie is currently a patient at the Federal Medical Center in Butner, North Carolina. In 2012, Bussie was arrested and charged in a federal indictment with threatening to harm a United States congressman. *See United States v. Bussie*, No. 12-cr-229, dkt. #43 (D.N.J. Apr. 16, 2015). The records of this criminal case show that this

case was dismissed without prejudice because Bussie suffers from a mental disease that rendered him incompetent to proceed to trial and because he was ordered civilly committed. *Id.* Since he was committed, Bussie has filed dozens of frivolous lawsuits across the country; a national database of court records reflects that Bussie has filed over 150 civil actions in the federal courts.

In his complaint in this case, Bussie acknowledges that he suffers from a mental disorder and claims that he is in custody pursuant to ethical violations and "white collar crimes" perpetuated by the defendants. He claims that has been denied compensation required for his foreign intelligence services performed for the United States subsequent to 9/11. This complaint is very similar to other complaints Bussie has filed throughout the country.

OPINION

A *pro se* complaint is subject to dismissal as frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.s. 319, 325 (1989). A complaint lacks an arguable basis in fact when plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325). As prior decisions rejecting Bussie's claims have recognized, Bussie's allegations fit this category and are thus subject to dismissal. *See Bussie v. Attorney General*, No. 13-cv-476-wmc (W.D. Wis. July 30, 2013); *Bussie v. Federal Election Comm'n*, No. 13-cv-477-wmc (W.D. Wis. July 30, 2013); *Bussie v. Dep't of Commerce*, No. 12-cv-792, dkt. #8 (E.D.N.C. Mar. 12, 2013); *Bussie v. United States*, 443 F. App'x 542 (7th Cir. 2011). Additionally, Bussie's practice of repeating these types of allegations has been construed as

maliciousness, and so this lawsuit is subject to dismissal as malicious as well. *See Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1983) (it is "malicious" for a pro se litigant to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff). Given that Bussie is pursuing duplicative claims that have been adjudicated previously elsewhere, he may not proceed with the same allegations here. Accordingly, this lawsuit will be dismissed as both frivolous and malicious.

ORDER

IT IS ORDERED that:

1. Anthony Bussie's motion for leave to proceed *in forma pauperis* (dkt. #2) is DENIED.

2. The proposed complaint is DISMISSED as frivolous and malicious for purposes of 28 U.S.C. § 1915A.

Entered this 16th day of August, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge